Curia, per
Wardlaw, J.
The defamatory words alleged to have been spoken, are variously stated in the declaration, but are all substantially embraced in the expressions, “you swore falsely on the trial of a case between me and Jerry Joiner, before ’squire Johnson.” The declaration contains a prefatory averment, that a case between the present defendant and Jerry Joiner, had been pending and was tried before a “certain Jesse Johnson, a justice of the quorum for the district of Laurens,” and that, on the trial thereof the plaintiff was examined, on oath, and gave his evidence as a witness for the said Jerry Joiner ; and by proper averments in the colloquium and innuendoes, the words are alleged to have been spoken in reference to the said evidence. Upon the late trial of this case below', the plaintiff gave no other proof of any of the matter contained in the prefatory averment, than such as was to be derived from the admissions of the defendant, contained in the words themselves. The defendant’s motion for non-suit was overruled by the decision of the circuit Judge, and the propriety of that decision is presented for consideration in the first ground of the present appeal.
The question in effect is, whether the words are action *592 able perse. If they are so, the prefatory averment was wholly immaterial, and may be altogether stricken out, Of course it need not be proved. If, however, the averment was necessary to shew that the words imputed a criminality which, per se, they would not be held to mean, then the averment must be proved as laid, even although it may be more precise than was necessary. The slanderous words, like any other declarations of a party, are admissions of the truth of what they state. The question is then resolved into the enquiry, whether these words do of themselves impute the guilt of legal perjury. The modern decisions have very much relaxed the strictness which anciently prevailed as to the allegation and proof of slanderous words ; and it is now clear, that if the words themselves convey a slanderous imputation, it is indifferent whether the circumstances referred to really existed, or were invented by the defendant. Still, however, the law does not consider foreswearing ox falseswearing, of itself, to signify perjury ; and where such word is used, unless from the accompanying words it be clear that a judicial fore-swearing was meant, the plaintiff must shew upon the record, that the defendant alluded to some particular foreswearing which amounted to perjury. 1 Starke on Slanber, by Wendal, 397, marg. If the words contain a description of all the circumstances that constitute perjury, they have the same effect as if the technical word perjury was used; but if they omit any material circumstance, that circumstance must be supplied by averment; and, at any rate, before verdict, will not be infered by giving to other words their most aggragated sense.
Here, reference to “swearing” on a “trial” in a “case,” may be understood to point to a judicial oath, but not plainly. If by court, or magistrate ox justice, used in connexion with the swearing, the circumstance of a tribunal capable of trying, or an officer competent to administer an oath, had been added, the crime of perjury would seem to be fully described. In such case the materiality of the evidence, and the jurisdiction of the tribunal, would, under the authority of this case, when formerly before this court, (2 McMullan, 172,) be, prima facie, inferred, until the defendant had, by his evidence, shewn the transaction to *593 which the words referred, and the immateriality of the evidence spoken of, or the want of jurisdiction in the tribunal meant. But in the absence of any word aptly denoting a court or judicial officer, the word “ ’squire,” or “esquire,” which is unknown to our law, and is, by the usage of our society, applied without any just discrimination, can be of no avail. It does not, then, appear from the words, but that the trial was had, and the oath taken, before some individual who had usurped authority, or to whom the parties in the “case” had voluntarily submitted their dispute: and so the words do not, of themselves, impute the guilt of perjury. The prefatory averment should, then, have been proved as laid; and although the words themselves may have admitted all of it, except the official character of ’squire Johnson, and the subsequent testimony may have shewn that he was a magistrate, it seems in no stage of the case to have been proved that he was a justice of the quorum.
If the want of this proof had been held material by the circuit Judge, no doubt the defect would have been supplied easily, and in conformity with our practice. The plaintiff should not, then, suffer for the error of the Judge, by our now ordering a nonsuit. But for the defendant it is urged, besides that Johnson’s being a justice of the quorum was never proved, that by the plaintiff being permitted to rely for proof of his averments wholly on the defendant’s admissions, the defendant has been obliged to call, for explanation of the transaction referred to, witnesses whom otherwise the plaintiff must have called; and the question of materiality, which defendant might have enquired into, by cross-examination, and presented a motion for non-suit, has thus been transferred from the court to the jury. That some disadvantage was brought upon the defendant by the course of trial, which the decision of the circuit Judge produced, is manifest.-
Justice, then, will be best done by a new trial, and that is accordingly ordered.
Richardson, O’Neall, Evans, Butler, and Frost, JJ. concurred.